## Case No. 14,039.

### TILGHMAN v. HARTELL et al.

[2 Ban. & A. 260;[1] 11 Phila. 500; 9 O. G. 886; 33 Leg. Int. 149; 22 Int. Rev. Rec. 138.]

Circuit Court, E. D. Pennsylvania. April 3, 1876.[2]

PATENT—INFRINGEMENT—DEFENCES—LICENSE—CONTRACT.

In a suit brought for the infringement of a patent, an answer to the bill, alleging a license from the complainant to practise the invention, raises a perfect defence, and where the license is proved the bill must be dismissed. The court will not decree the relief prayed for as the result of an inquiry touching the fulfilment or nonfulfilment of the contract.

[Cited in Kelly v. Porter, 17 Fed. 523.]

[This was a bill in equity by Benjamin C. Tilghman against Thomas R. Hartell and others, for the infringement of letters patent No. 108,408, granted complainant October 18, 1870. See Case No. 14,040.]

George Harding, for complainant.
M. D. Connolly, for defendants.

McKENNAN, Circuit Judge. The relief which the complainant seeks by his bill is contested on the ground that the court has no authority to grant it. There is nothing upon the face of the bill to warrant this objection, for it contains the usual averments of a bill for the infringement of a patent, coupled with an averment of an incomplete arrangement with the defendants for a license to use the patented invention, and prays for the appropriate relief of a discovery, an injunction, and account. It, therefore, presents a case which is clearly within the jurisdiction of the court.

[1] [Reported by Hubert A. Banning, Esq., and Henry Arden, Esq., and here reprinted by permission.]
[2] [Reversed in 99 U. S. 547.]

The plea of the defendants, however, alleges that a license was actually granted to them by the complainant to practise the invention described in his patent. If this fact be true, it is a complete answer to the bill, because it would be beyond the power of the court, in this case, to decree the relief prayed for as the result of an inquiry touching the fulfilment or nonfulfilment of a contract between the parties. The only jurisdiction which the court has of such a subject is conferred by act of congress, and is limited to "suits in law or equity arising under the patent or copyright laws of the United States." Now, if a contract has been made, investing the defendants with a right to use the complainant's patent property, an injunction and an account could only be decreed as the consequence of an adjudication that the defendants had forfeited this right by reason of non-compliance with the terms upon which it was granted. But whether such an adjudication ought to be made would depend altogether upon the rules and principles of equity, and in no degree whatever upon any act of congress concerning patent rights. If this plea then is sustained by the proofs, the bill must be dismissed.

The only witnesses examined in the cause are the defendants and two gentlemen, who were agents of the complainant. They all agree in stating that the subject of a license to use the sand-blast process, as the complainant's invention is designated, was the subject of discussion, and that negotiations touching it were carried on, on different occasions, between one or other of the defendants and one or other of the complainant's agents. But did these negotiations attain the completeness of a determinate contract?

It was manifestly contemplated by both parties that a license to use the patented invention would be furnished to the defendants, and this was to be the conventional basis and evidence of their right to such use. That this license was to be in writing or printed is clearly shown by the proofs. It was, therefore, essential to constitute a contract between the parties, investing the defendants with a right to use the invention, that such license should be delivered to and accepted by the defendants. Without this, there was nothing to bind the complainant to allow the use of his invention for any period, nor the defendants to render a conventional consideration for the enjoyment of such right. Upon this hypothesis the defendants acted; for when the complainant's agent, at different times afterward, transmitted to them a printed schedule of royalties charged for the use of the sand-blast process, and a printed blank for a monthly return to the complainant of the various kinds and amount of work done by it, they regarded these papers as constituting the license for which they had previous-

ly negotiated. In this, however, they were obviously in error. The purport and object of these papers are plain upon their face, and they certainly do not, by any possible construction, concede any right to the defendants to use the process to which they relate.

But some time afterward a formal printed license. embodying the terms upon which it was granted and was to be enjoyed, was sent in duplicate by mail to the defendants, one copy of which was to be retained by them, and the other to be returned with their signatures. No answer was made to this suggestion, and in a subsequent interview with one of the complainant's agents the defendants refused to sign any license or agreement, taking the ground that they had authority to use the invention in the papers before furnished to them. Under such a state of facts there is no warrant for the assumption by the defendants that they were licensed to use the complainant's invention, and so their plea, which sets it up, must be overruled.

It is, however, argued that the defendants purchased from the complainant three machines, which were specially adapted to work the patent process, and that such purchase carried with it the right to use the process until they were worn out. But the proofs show that the complainant furnished only parts of these machines, and that he did not hold a patent for any of them. What implication such a sale might warrant it is unnecessary to discuss, because it is very clear that the right to use the process at all was dependent upon an express license to that effect by the complainant. As it does not appear that such a license was obtained by the defendants, it follows that they had no right to work the process upon any machine.

The answer of the defendants admitting the complainant's title to the invention described in the bill and the use of it, there must be a decree for an injunction and account, as prayed for, with costs.

[On appeal to the supreme court the above decree was reversed. 99 U. S. 547.]

[For another case involving this patent, see Tilghman v. Morse, Case No. 14,044.]